### David S. Littlejohn, Executor, etc., v. F. E. Huff et al.

1. PRACTICE—*Recalling Witness by Court While He Has Case Under Advisement.*—After the evidence had been closed and the case argued on both sides, and the court had taken it under advisement, he recalled a witness of his own motion, and over the objection of counsel for plaintiff, he was further interrogated by the court, but nothing new or different was elicited, other than what the witness had testified to before. *Held,* not reversible error.

Assumpsit, upon a promissory note. Appeal from the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed June 20, 1902.

THOMAS & ROBISON, attorneys for appellant.

WORLEY & KEEFER and M. P. RICE, attorneys for appellees.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

On September 3, 1901, appellant, David S. Littlejohn, as executor of the will of James H. Mills, deceased, brought suit in the Circuit Court of Fulton County against appellees, F. E. Huff, M. A. Grafton and J. N. Grafton, upon a promissory note which is as follows:

"$518.00.               LEWISTOWN, ILL., May 25, 1898.
One year after date we promise to pay to the order of

Jas. H. Mills, five hundred eighteen dollars, at Lewistown, Illinois. For value received, with interest at 7 per cent per annum. (Signed)  F. E. HUFF,
M. A. GRAFTON,
J. N. GRAFTON."

And upon the back of which was written " Interest paid on the within note up to April 1, A. D. 1900."

The defense which appellees interposed was payment, accord and satisfaction.

By agreement of parties, the case was tried by the court without a jury and resulted in a finding and judgment in favor of appellees.

Appellant excepted to the judgment, and, to effect a reversal, brings the case to this court by appeal, and insists that the court erred in recalling the witness Barnett, and hearing further testimony from him two days after the testimony had been closed, and after the case had been argued and submitted for decision; and that the finding and judgment are not supported by the evidence.

It appears that appellant's testator, James H. Mills, died on January 25, 1901, and appellant qualified as executor of his will in March following, and since then has acted as such. Shortly after he became executor, appellant found the note in question in an iron safe in the store room in the city of Lewistown where his testator was conducting a store before and up to the time of his death. The note was with some other papers and contracts pertaining to the business of the firm of F. E. Huff & Co., who conducted a cigar factory on the second floor of the same building in which Mills had his store.

The firm of F. E. Huff & Co. was a copartnership consisting of Mills (the testator) and Huff, one of the appellees; and it was organized April 1, 1900, with a capital of $1,665.98 (of which Mills contributed $1,147.98 and Huff $518); was to continue five years, and was engaged in the business of manufacturing and selling cigars in the city of Lewistown from the time it was formed until Mills died, and thereafter Huff continued the business as the surviving partner.

At the time the copartnership agreement between Mills and Huff was reduced to writing, they had a talk in the presence of the witness A. M. Barnett (the lawyer who wrote the agreement), in which the amount that Huff owed Mills when the copartnership was formed, was talked over, and it was agreed that Huff, at that time, owed Mills the note in question, $518, on a written contract dated May 25, 1898, some interest on both, and some rent, which all together amounted to $1,147.98; and that they agreed that that sum should constitute the capital that Mills contributed to the firm, and that Huff had contributed $518 as his share of said capital.

In January, 1900, while Huff was conducting the business of manufacturing and selling cigars on the second floor of the building in which Mills kept a store, Mills had a talk with the witness Belts, in which Mills told him that Huff owed him (Mills) $518 on the note in question, and $518 on a contract dated May 25, 1898, amounting all together to $1,036, and, upon which there was due $114.85 as interest from May 25, 1898, to January 1, 1900; that he also owed him $77.50 rent from September 14, 1898, to January 1, 1900, making a total indebtedness of $1,228.35. And told him further, that he, Mills, was going to make a new agreement with Huff for five years.

Prior to April 1, 1900, appellee Huff owned the cigar business and conducted it on his own account. The copartnership agreement provides that the business of the firm "shall be conducted under the firm name of F. E. Huff & Co.; * * * that said Huff shall have the full charge and management of the firm business of the copartnership subject to the supervision and direction of the said Mills, and that said Huff shall pay all the expenses of running said cigar factory, including hired help of cigar makers, stock, rents, and all other incidental expenses connected with the business, and shall have all the profits arising therefrom, and shall annually pay to the said Mills, interest at the rate of seven per cent per annum on said sum of $1,147.98 so invested by the said Mills as capital stock."

On May 25, 1898, Mills and Huff entered into a written

contract which recited that Mills had that day loaned and advanced $518 to Huff, and by the terms thereof, Huff agreed that Mills should become the owner of a sufficient amount of the stock in the cigar factory of Huff, then located in the city of Lewistown, Illinois, to secure the payment of said money in one year, with interest from May 25, 1898.

After the evidence had been closed, and the case argued on both sides, the court took it under advisement, and two days thereafter the witness Barnett was recalled by the court of his own motion, and, over the objection of counsel for appellant, he was further interrogated by the court concerning the conversation between Mills and Huff at the time the copartnership agreement was written, but nothing new or different was elicited other than what the witness had testified to before.

Appellant testified that after the death of Mills, appellee Huff had told him that he (Huff) owed the estate a note and requested that he (Huff) be not pushed to pay it as it would break him up; but Huff denied ever having said so.

After the death of Mills, Huff, as the surviving partner of the firm of F. E. Huff & Co., accounted to the estate of Mills for the business done by him as such surviving partner; and appellant, as executor of the will of Mills, inventoried the share of his testator in the property of the firm of F. E. Huff & Co., as an asset of the estate of Mills.

We.are satisfied that the trial court properly found that the note in question had been settled between Mills and Huff by way of accord and satisfaction when the copartnership was formed between them; and that the further examination by the court of the witness Barnett, after the evidence had been closed and the case argued, worked no prejudice against appellant, for the reason that nothing was elicited from the witness on such further examination that was new or different from what he had testified to when examined during the trial.

Finding no prejudicial error was committed by the trial court in this case, and that the evidence supports the finding and judgment, the latter will be affirmed.